**UNITED STATES of America,**
**Appellee,**

v.

**Julio Armando ARCE–ALDANA,**
**Defendant–Appellant.**

**No. 05–6549–CR.**

United States Court of Appeals,
Second Circuit.

May 16, 2006.

David A. Lewis, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for the Appellant.

Nicole Boeckmann, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief; Alyssa A. Qualls, Assistant United States Attorney, of counsel), New York, NY, for the Appellee.

PRESENT: WILFRED FEINBERG, SONIA SOTOMAYOR, and PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Defendant-appellant Julio Armando Arce–Aldana appeals from a judgment entered on September 22, 2005, after a guilty plea, sentencing him principally to fifteen months' imprisonment, two years of supervised release, and a special assessment of $100 for knowingly and with the intent to defraud possessing fifteen or more counterfeit access devices in violation of 18 U.S.C. § 1029(a)(3). We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

Arce–Aldana contends that his sentence was unreasonable because the district court incorrectly applied a two-level enhancement for "trafficking" in unauthorized access devices pursuant to U.S.S.G. § 2B1.1(b)(10)(B). Although Guideline § 2B1.1 does not define the word "traffic," the statute under which Arce–Aldana was convicted states that "the term 'traffic' means transfer, or otherwise dispose of, to another, or obtain control of with intent to transfer or dispose of." 18 U.S.C. § 1029(e)(5). On appeal, Arce–Aldana asserts that the district court should not have looked to the statute of conviction when defining "traffic," but to the ordinary meaning of the word; he contends that "traffic" is ordinarily understood to mean "engage in commercial activity" or "trade or deal in." We need not reach the question of which definition applies because Arce–Aldana's conduct constitutes "trafficking" under both definitions. When he received $600 in exchange for delivering counterfeit credit cards to his accomplice, Arce–Aldana was clearly engaged in commercial activity. The fact that he intended to profit not only from the delivery of the

counterfeit credit cards to his accomplice but also from his accomplice's fraudulent use of the cards in no way alters the fact that Arce–Aldana was engaged in commercial activity when he brought the cards into this country with the intent to deliver them to his accomplice for a $600 fee.[1]

For the reasons stated above, the judgment of the district court is AFFIRMED.

---

1. We need not reach the government's argument that Arce–Aldana's claims are reviewable under a plain error standard or that they are waived, because we find his claims to be without merit.